Opinion
 

 MORRISON, J.
 

 A jury convicted defendant of possession of methamphetamine. (Health and Saf. Code, § 11377, subd. (a).) The trial court found
 
 *1309
 
 that defendant had four robbery convictions and one burglary conviction within the meaning of Penal Code sections 667, subdivision (d), and 1170.12, the three strikes law.
 
 [1]
 
 The court imposed a term of 25 years to life in state prison.
 

 On appeal, defendant contends (1) the trial court erred by admitting evidence of a tattoo on the person of defendant’s wife, a witness in his defense, because the evidence was more prejudicial than probative under Evidence Code section 352; (2) the court erred by not instructing the jury sua sponte on CALJIC No. 12.06 regarding the defense of transitory possession; (3) serious felony convictions incurred before March 7, 1994, the effective date of the three strikes law, may not count as “strikes”; (4) the three strikes law is unconstitutionally vague; (5) this case must be remanded for the trial court to exercise its discretion under section 1385, subdivision (a) by considering whether to strike the prior conviction allegations; and (6) the sentence imposed constitutes cruel and unusual punishment.
 

 Facts
 

 Sacramento city police officers conducted a parole search of defendant’s residence in January 1995. Defendant’s wife, Heather Frazier, was present during the search. A narcotics smoking pipe was found in a dresser drawer in defendant’s bedroom. Officers found a plastic baggie containing methamphetamine on the headboard of defendant’s bed. Another plastic baggie containing methamphetamine was found on the closet shelf in the bedroom. The headboard baggie contained .27 grams and the baggie in the closet contained .07 grams.
 

 At trial, Heather testified defendant’s brother, Carl, had visited their house and had brought with him a shotgun and three ounces of methamphetamine. She admitted that at the time of the search, she had a tattoo on the back of her neck that read, “Aaron’s Bitch.”
 

 Defendant testified that he was still married to Heather. He said after his brother visited his house the day before the search, he found a small amount of methamphetamine on the dining room table. Defendant assumed the drugs belonged to his brother. He handed the drugs and the pipe to Heather and told her to get rid of them. He did not check to see whether Heather disposed of the drugs as instructed. Defendant could not explain how the methamphetamine ended up in his bedroom.
 

 
 *1310
 
 Discussion
 

 I
 
 *
 

 II
 

 Defendant contends the trial court had a duty to instruct the jury sua sponte on CALJIC No. 12.06 regarding the defense of transitory possession. We disagree.
 

 The background of the development of CALJIC No. 12.06 was definitively explained by the Sixth Appellate District in
 
 People
 
 v.
 
 Hurtado
 
 (1996) 47 Cal.App.4th 805, 810-812 [54 Cal.Rptr.2d 853] from which we quote at length:
 

 “[People
 
 v.
 
 Mijares
 
 (1971) 6 Cal.3d 415 [99 Cal.Rptr. 139, 491 P.2d 1115]] was the impetus for the initial version of CALJIC No. 12.06, ‘Momentary Possession as Not Unlawful,’ which provided that possession of an item is not unlawful where all four of the following conditions were met: (1) possession is ‘momentary’ and ‘based on neither ownership nor the right to exercise control over’ the item; (2) the item is ‘possessed in furtherance of its abandonment or destruction’; (3) the item is possessed ‘for the purpose of terminating the unlawful possession of it by another person or preventing another person from acquiring possession of it’; and (4) ‘control is not exercised over the [item] for the purpose of preventing its imminent seizure by law enforcement.’ (CALJIC No. 12.06 (5th ed. bound vol.).)
 

 “CALJIC No. 12.06 was revised in 1989 based on
 
 People
 
 v.
 
 Cole
 
 (1988) 202 Cal.App.3d 1439 [249 Cal.Rptr. 601], in which the Second District concluded that the holding of
 
 Mijares
 
 ‘is not limited to possession for “brief moments” only, but that possession of illegal drugs solely for the purpose of disposal does not constitute unlawful possession.’
 
 (Id.,
 
 at p. 1445, italics omitted.) Cole’s defense was that he had seized cocaine from his teenage daughter and had placed it in his safe while he and his wife decided how to dispose of it. The cocaine was found in the safe by police a day later.
 
 (Id.,
 
 at p. 1442.) The court concluded that the trial court had erred by giving instructions by which the jury might have accepted Cole’s claim that he had
 
 *1311
 
 only ‘momentarily handled the cocaine for purposes of disposal or abandonment’ yet felt compelled to convict him because ‘the drugs were in his constructive possession in the safe for more than “brief moments. . . .” ’
 
 (Id.,
 
 at p. 1445.)
 

 “The revised instruction, renamed ‘Possession-Not Unlawful,’ deleted reference to ‘momentary possession’ and added a paragraph stating, ‘Length of time of possession is one of the factors that may be considered in deciding whether the defendant physically handled the substance solely for abandonment, disposal, or destruction.’ (CALJIC No. 12.06 (1989 rev.).)
 

 “While the Comment to the 1989 version of CALJIC No. 12.06 advises that the revision is based on
 
 Cole’s
 
 conclusion that ‘. . . while
 
 People
 
 v.
 
 Mijares
 
 factually only involved a momentary handling, ... the critical issue was not the length of time of the handling but whether the defendant physically handled the substance solely for the purpose of disposal,’ the Use Note to the 1989 version advises that ‘[i]n
 
 People
 
 v.
 
 Sullivan
 
 (1989) 215 C.A.3d 1446, ... the court took issue with [Cole], and concluded that decision unreasonably extended the
 
 Mijares
 
 rule.’ The Use Note then explains that ‘[a]s a result, there is a split in appellate authority and the trial court must choose between CALJIC 12.06, as found in the bound volume, and the 1989 revision, which is based upon the Cole case.’ (Use Note and Comment to CALJIC No. 12.06 (1989 rev.) (5th ed. pocket pt.) pp. 10-11.)” (Fn. omitted.)
 

 As noted above, the
 
 Sullivan
 
 court rejected the approach of
 
 Cole
 
 and offered a compelling rationale: “Mijares’s rule arose from a situation involving a fleeting, de minimis possession and a reflexive act of abandonment. The Supreme Court’s holding was that this de minimis possession and reflexive response was not a criminal possession[.] [T]his rule is one which is an understandable and simple rule.
 
 Cole
 
 complicates the rule by bringing in inquiries into the defendant’s subjective intent in possessing the contraband. These inquiries are not suggested by
 
 Mijares
 
 or supported by the language of the statute. Mijares’s focus was on the fleeting nature of the possession (during the instant of abandonment), not on the subjective mental state of the defendant. The statute makes possession illegal without regard to the specific intent in possessing the substance. We conclude the
 
 Cole
 
 court misinterpreted the
 
 Mijares
 
 decision and erred in deleting the ‘momentary’ possession requirement. We therefore decline to follow
 
 Cole,
 
 preferring instead to apply pure
 
 Mijares.” (People
 
 v.
 
 Sullivan
 
 (1989) 215 Cal.App.3d 1446, 1452 [264 Cal.Rptr.284].)
 

 
 *1312
 
 We agree with the
 
 Sullivan
 
 court. In doing so, we are not alone.
 
 [3]
 
 The Sixth Appellate District in
 
 People
 
 v.
 
 Hurtado
 
 adopted the
 
 Sullivan
 
 rationale in a case involving illegal possession of a firearm by a convicted felon. (§ 12021, subd. (a).) There, the son of defendant’s girlfriend gave him a loaded weapon the boy had found lying on the ground. Defendant intended to get rid of the gun but still had it in his possession three days later when he was stopped for a traffic violation.
 
 (People
 
 v.
 
 Hurtado, supra,
 
 47 Cal.App.4th at pp. 808-809.) The
 
 Hurtado
 
 court unequivocally sided with
 
 Sullivan.
 
 “Like the trial court in this case, we also find the
 
 Sullivan
 
 analysis persuasive. Recognition of the ‘momentary possession’ defense serves the purpose of encouraging disposal and discouraging retention of dangerous items such as controlled substances and firearms. However, expansion of the defense to lengthier possession incidental to a defendant’s ‘intent’ to dispose of those items rewrites the statutory requirements by introducing a new element of ‘specific intent to retain.’ We are not authorized to so revise the Legislature’s description of a criminal offense. Therefore, in a case in which a defendant is entitled to an instruction on temporary possession for disposal, we conclude the trial court should instruct pursuant to the original version of CALJIC No. 12.06 based upon
 
 Mijares.” (People
 
 v.
 
 Hurtado, supra,
 
 47 Cal.App.4th at p. 814; see also
 
 People
 
 v.
 
 Pepper
 
 (1996) 41 Cal.App.4th 1029, 1036-1038 [48 Cal.Rptr.2d 877], ruling the momentary possession defense does not apply to a violation of section 12021 except when the firearm is possesed momentarily in self-defense, in defense of others, or as a result of legal necessity.)
 

 In this case, the evidence shows that defendant found methamphetamine in his house the night before his house was searched. According to his own testimony, defendant gave the drugs and smoking pipe to his wife and told her to get rid of them. However, a baggie containing methamphetamine was found by the investigating officers several hours later sitting in plain view upon the headboard of defendant’s bed. Moreover, another bag of methamphetamine was found on a shelf in the closet of defendant’s bedroom.
 

 Therefore, defendant’s possession, which was neither fleeting nor personally for the purpose of abandonment, disposal, or destruction, does not meet the requirements of the
 
 Mijares
 
 rule. Defendant’s lengthy possession of the contraband denied him the right to a momentary possession instruction despite his stated intent to get rid of the drugs. Accordingly, the trial court did not err by failing to give sua sponte the momentary possession instruction derived from
 
 Mijares.
 

 
 *1313
 
 III-VI
 
 *
 

 Disposition
 

 The judgment is affirmed.
 

 Puglia, P. J., and Scotland, J., concurred.
 

 Appellant’s petition for review by the Supreme Court was denied August 19, 1998. Kennard, J., and Brown, J., were of the opinion that the petition should be granted.
 

 [1]
 

 Further references to sections of an undesignated code are to the Penal Code.
 

 *
 

 See footnote,
 
 ante,
 
 page 1307.
 

 [3]
 

 No published opinion has followed the
 
 Cole
 
 approach.
 

 *
 

 See footnote,
 
 ante,
 
 page 1307.